UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELISSA SAINT-JUSTE,                                                    **COMPLAINT**
                                                                                           **AND DEMAND**
                Plaintiff,                                              **FOR JURY TRIAL**
     -against-
                                                                                           **14 CV 2923 (JMF)**
THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER MORGAN COURGNAUD,                  **ECF CASE**
Shield No. 13176, and NEW YORK CITY
POLICE OFFICER "JOHN DOE,"


                Defendants.
------------------------------------------------------------X

## INTRODUCTION

1.  This is a civil rights action in which the plaintiff, MELISSA SAINT-JUSTE, seeks relief for defendants' violation of the plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§1983 *et seq.*, and of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, which forbid the unlawful deprivation of liberty, malicious prosecution and the unnecessary and excessive use of force against person during a seizure or arrest.

2.  Plaintiff also seeks redress under Article I, Section 11 of the New York State Constitution for denial of equal protection, and redress for the tortious conduct against Plaintiff by defendants through Malicious Prosecution and violation of New York State statutes and New York City local laws and/or rules.

3.  Plaintiff seeks damages, both compensatory and punitive, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

4. This Court has original jurisdiction over this action and the parties pursuant to 42 U.S.C. §1983 and 1988, the Fourth and Fourteenth Amendments to United States Constitution, and the provisions in 28 U.S.C. Sections 1331, *et seq.* This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. § 1367 (a).

## VENUE

5. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

## JURY TRIAL DEMANDED

6. Plaintiff demands a trial by jury on each and every one of the claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff MELISSA SAINT-JUSTE was and is a citizen of the United States, of full age and a resident of the County of Kings, in the State of New York.

8. At all times relevant hereto, defendants NEW YORK CITY POLICE OFFICER MORGAN COURGNAUD [hereinafter "COURGNAUD"], Shield No. 13176, and NEW YORK CITY POLICE OFFICER JOHN DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, an agency of the City of New York. All the individually named Defendant and the JOHN DOE defendant are and were at all times relevant herein acting under the direction and control of the New York City Police Department, a department of The City of New York. The individually named Defendant and the JOHN DOE defendant, whose identity is not yet known, but whose identity the plaintiff intends to discover, are being sued in their individual capacities.

9. At all times relevant hereto, defendant THE CITY OF NEW YORK (also at times referred to as "CITY" or "NYC") was and is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and owns, operates, manages, directs and controls the New York City Police Department as a constituent department or agency, which employs the individually named police officer defendants.

## CONDITIONS PRECEDENT

10. Plaintiff has complied with all conditions precedent to commencing this action and, in particular, on or about April 22, 2013, within ninety (90) days after the malicious prosecution claim upon which this action is based, Plaintiff SAINT-JUSTE duly served upon the defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-e of the New York State General Municipal Law.

11. More than thirty (30) days have elapsed since the service of the Notices of Claim and adjustment or payment thereof has been rejected or refused by the defendants.

12. This action is being commenced within one (1) year and ninety (90) days after the happening of the events upon which this claim is based.

13. A statutory hearing of the Plaintiff SAINT-JUSTE pursuant to New York State General Municipal Law § 50-h was held on September 16, 2013.

## STATEMENT OF FACTS

14. On or about September 4, 2012, at approximately 00:39 a.m., Plaintiff MELISSA SAINT-JUSTE had finished working and was being driven home by her boyfriend when the police stopped the vehicle he was driving on the corner of Henry Hudson Parkway and West 79th Street in the County, City and State of New York.

15. Two uniformed officers, including Defendant Police Officer MORGAN COURGNAUD and defendant Police Officer JOHN DOE approached the driver of the car.

16. The driver of the car asked the officer why he was being stopped and COURGNAUD responded, "Don't ask me any fucking questions, just give me your ID."

17. The driver complied.

18. Officer COURGNAUD returned and advised the driver that his license was suspended and asked him to get out of the car.

19. The driver complied and as he got out of the car, he told the Plaintiff that she would have to drive.

20. The police took the driver past the back of the car to the marked police car.

21. The car that Plaintiff's boyfriend was driving was the Plaintiff's own car. The Plaintiff walked around the front of the car and sat in the driver's seat, with the driver's door fully open and both her legs outside the car on the ground.

22. Ms. SAINT-JUSTE then called her uncle because he was an attorney and she had never been in a situation where someone was being taken into police custody.

23. Before being able to say more than hello to her uncle, defendant COURGNAUD approached the Plaintiff and asked who she was on the phone with. When Ms. SAINT-JUSTE responded her uncle who is a lawyer, defendant COURGNAUD grabbed the phone from Plaintiff's hand and threw it into the car.

24. Without any further words, defendant COURGNAUD then forcefully pulled Ms. SAINT-JUSTE out of the car, grabbing her by her shirt.

25. Defendant COURGNAUD stated that they were taking the car. The Plaintiff stated that the car was in her name, that it was registered to her and said she did not understand.

26. Defendant COURGNAUD told the Plaintiff to "Shut up."

27. Defendant COURGNAUD then turned Ms. SAINT-JUSTE around and forcefully slammed her head into the top of the car in the area of the open door frame, using his hand placed

directly onto the Plaintiff's head and intentionally forcefully slamming the Plaintiff's face into the car, causing the orbital area of her face, predominantly on the left side, to be smashed into the car.

28.   The Plaintiff was in excruciating pain, saw flashing lights and colored floating dots and was disoriented, confused and frightened as the result of defendant COURGNAUD's sudden, violent actions.

29.   Defendant COURGNAUD then handcuffed the Plaintiff

30.   Defendant COURGNAUD then searched the plaintiff, patting her down along the bottom of her bra and up and down both legs, between the inside and outside of her thighs.

31.   Ms. SAINT-JUSTE looked toward the JOHN DOE officer, but he did nothing.

32.   Defendant COURGNAUD grabbed Ms. SAINT-JUSTE tightly by her upper arm, causing bruising and walked her to another police car that had arrived.

33.   Ms. SAINT-JUSTE was taken to the 20th Precinct at 120 West 82nd Street, New York, New York 10024, and placed in a holding cell where she remained until approximately 6:00 a.m. on September 4, 2012.

34.   Ms. SAINT-JUSTE had no idea why she was taken into custody, but later learned that she was being charged with Obstruction of Governmental Administration in the Second Degree (P.L. 195.05) and Resisting Arrest (P.L. 205.30), both Class "A" misdemeanors, under Docket No. 2012NY069214, which charges are punishable by incarceration on Rikers Island for up to one year.

35.   Thereafter, Ms. SAINT-JUSTE was taken to Central Booking at 100 Centre Street, New York, New York 10013, where she remained until she was arraigned in the Criminal Court of the City of New York before the Honorable Abraham Clott in AR3 at or about midnight, when she was released on her own recognizance almost 24 hours later.

36.   Ms. SAINT-JUSTE sought medical treatment upon her release.

37.   The Plaintiff was treated for severe migraines and for an injury to her left eye.

38. The Plaintiff continued to see flashes in her eye and also red and green sporadic dots floating in her sight, which continue to the present day.

39. The Plaintiff also suffered from blurry vision.

40. After going to the Brookdale Emergency Room, the Plaintiff went to her own opthamologist for follow-up.

41. The doctor immediately noted that her left eye which had been smashed into the car, had what he described as scar tissue and two holes.

42. The doctor advised Ms. SAINT-JUSTE that he needed to take immediate action and performed an emergency laser surgery that same day.

43. Ms. SAINT-JUSTE appeared in the Criminal Court of the City of New York on September 28, 2012, in Part C. She was offered an Adjournment in Contemplation of Dismissal (ACD) but turned it down because she was completely and totally not guilty of any of the criminal charges of which she was accused.

44. Ms. SAINT-JUSTE appeared in the Criminal Court of the City of New York on November 15, 2012 and the prosecution was not ready for trial and the case was adjourned.

45. Ms. SAINT-JUSTE appeared in the Criminal Court of the City of New York on January 24, 2013 and the prosecution conceded that the time for prosecution of the case had expired and the case was dismissed and sealed.

46. Ms. SAINT-JUSTE was physically and psychologically injured from the false charges she was accused of, the malicious prosecution that she faced as the result of the false charges and the wholly unnecessary and excessive use of force by defendant COURGNAUD.

47. The conduct of the defendants in falsely arresting, detaining, maliciously prosecuting and assaulting and battering the Plaintiff proximately caused Plaintiffs' serious and permanent physical and emotional injuries, pain and suffering, mental anguish, humiliation and embarrassment.

48. All conduct of the defendants herein was intentional, malicious, willful, wanton, and unjustified.

### FIRST CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### THE EXCESSIVE USE OF FORCE
### (Defendant COURGNAUD)

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1-48 of this complaint, as though fully set forth herein.

50. Defendants COURGNAUD and NYCPD OFFICER JOHN DOE had the legal duty to use only the amount and degree of force in the apprehension of suspects as was reasonable under the circumstances, for the proper and efficient supervision and control of such persons.

51. On the 4th day of September, 2012, at approximately 00:39 a.m., at or around the corner of Henry Hudson Parkway and West 79th Street, in the County, City and State of New York, defendants COURGNAUD, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable in effecting the arrest of the plaintiff MELISSA SAINT-JUSTE, thereby violating the plaintiff MELISSA SAINT-JUSTE's Constitutional rights.

52. As a result of the aforementioned conduct of defendant COURGNAUD, the plaintiff MELISSA SAINT-JUSTE was subjected to unnecessary and excessive force and sustained traumatic physical injuries, to her face, eye, arm, wrist and entire body, resulting in grave and permanent injuries and disabilities, and suffered great physical damage and pain, as well as serious emotional and psychological injuries and was otherwise harmed, damaged and injured.

## SECOND CAUSE OF ACTION

**VIOLATION OF CONSTITUTIONAL RIGHTS
PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
FAILURE TO INTERCEDE TO PREVENT THE EXCESSIVE USE OF FORCE
(Defendant JOHN DOE)**

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1-52 of this complaint, as though fully set forth herein.

54. On the 4th day of September, 2012, defendant JOHN DOE, a police officer who did not directly assault, batter and use unnecessary and excessive force against the plaintiff, had the opportunity to intercede on behalf of plaintiff to prevent Officer COURGNAUD, from using unnecessary and excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, but failed to do so in violation of his due process duty to intervene.

55. The JOHN DOE police officer who did not directly assault, batter and use unnecessary and excessive force against the plaintiff had an affirmative duty to enforce the law and preserve the peace, including by stopping other police officers from violating the law.   His failure to do so makes him liable for the constitutional violations of the Fourth and Fourteenth Amendments of the United States Constitution.

56. By reason of the aforesaid, the plaintiff suffered great physical damage, conscious pain and suffering, physical, mental, emotional and other harm and damages.

## THIRD CAUSE OF ACTION

**VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TOTHE FOURTH AND
FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
(Defendant CITY OF NEW YORK)**

57. Plaintiff repeats and realleges the allegations contained in paragraphs 1-56 of this complaint, as though fully set forth herein.

58.	At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect <u>de</u> <u>facto</u> policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers and sergeant.

59.	The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-48 deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States secured to plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.  Plaintiff was deprived of her right to be free from the unnecessary and excessive use of force and to due process under the law.

60.	At all times material to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect <u>de</u> <u>facto</u> policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.  Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers and other police officers in the 20th Precinct Command, with regard to the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

61.	Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

62.	Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to September 4, 2012, the use of unnecessary and excessive force and other malicious, and inappropriate unlawful acts by defendant officers was occurring, and it is believed that there may have been complaints of such unlawful conduct by the particular individual officer

named in this lawsuit, but defendant CITY OF NEW YORK failed to take appropriate steps to discipline or seriously punish such unlawful acts, thereby encouraging the continuance of the excessive use of force by refusing to address the problem in any meaningful way.

63.     On information and belief, the defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for among others things: to screen, hire, train and supervise officers for their ability to respond to civilians with courtesy, professionalism and respect, to discipline officers for their propensity to disregard constitutional rights, and for their failure to protect citizens from unconstitutional conduct of other police officers and employees, thereby permitting and allowing the defendant police officers and employees herein to be in a position to maliciously and unreasonably use excessive force against plaintiff and to otherwise cause her injury and violate her federal constitutional rights, and/or to permit these actions to take place.

64.     On information and belief, the defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its police officers and employees, and failed to create proper means of containing such risk and managing such stress.  <u>Inter alia</u>, the structure was deficient, at the time of selection of police officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police departments about the performance of individual police officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large.  The effect of this was to permit police officers to function at levels of significant and substantial risk to the public in general.

65.     At all times material to this complaint, the defendant NYC, acting through New York City Police Department, had in effect de facto policies, practices, and customs that were a direct and

proximate cause of the unconstitutional conduct of defendants COURGNAUD and the JOHN DOE Defendant.  These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts; and, the police code of silence wherein police officers regularly cover-up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers.

66.  As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.  Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

67.  These policies, practices and customs include, <u>inter alia</u>, the use of unnecessary and excessive force in making arrests, the bringing of false charges to cover the use of such unnecessary and excessive force and the acceptance of such unlawful behavior by the supervisors and fellow officers, in violation of the plaintiff's rights as stated above.

68.  As a result of the foregoing, the plaintiff sustained great physical injury, conscious pain and suffering, mental and emotional injuries and was otherwise harmed, damaged and injured.

## FOURTH CAUSE OF ACTION

**VIOLATION OF CONSTITUTIONAL RIGHTS**
**DEPRIVATION OF LIBERTY through FALSE ARREST**
**(Defendant COURGNAUD)**

69.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-56 of this complaint, as though fully set forth herein.

70. The actions of defendant COURGNAUD, a member of New York City Police Department, and acting under color of state law, in seizing and arresting the plaintiff MELISSA SAINT-JUSTE, without probable cause, was done intentionally, maliciously, and with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering, and deprived the plaintiff of rights and privileges under the laws and Constitution of the United States, in particular the right to be secure in her person and free from false arrest based upon an unlawful seizure and search of the plaintiff.

71. The Plaintiff MELISSA SAINT-JUSTE was wholly innocent of the criminal charges brought against her.  By these actions, the individual defendant COURGNAUD has deprived the plaintiff of liberty and freedom, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.

72. As a result of the foregoing, the plaintiffs was deprived of her liberty for a period of approximately 24 hours, and was otherwise harmed, damaged and injured.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### DEPRIVATION OF LIBERTY through MALICIOUS PROSECUTION
### (Defendant COURGNAUD)

73. Plaintiff repeats and realleges the allegations contained in paragraphs 1-72 of this complaint, as though fully set forth herein.

74. The actions of defendant COURGNAUD, a member of the New York City Police Department, and acting under color of state law, in falsely seizing and arresting and commencing the prosecution of the Plaintiff MELISSA SAINT-JUSTE, without probable cause, was done intentionally, maliciously, and with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, and was done without lawful justification or reason, and was

designed to and did cause specific and serious harm, pain and suffering, and deprived plaintiff MELISSA SAINT-JUSTE of her rights and privileges under the laws and Constitution of the United States, in particular the right to be free from false accusations and malicious prosecution and the right to due process under the law.

75. The criminal action brought by the defendant COURGNAUD against MELISSA SAINT-JUSTE was terminated in favor of the plaintiff.

76. By these actions, defendant COURGNAUD, deprived the plaintiff MELISSA SAINT-JUSTE of liberty and freedom, in that subsequent to her arraignment, she appeared for three other oraparancs, based solely upon the false accusations made in the criminal court complaint signed by defendant COURGNAUD, in order to cover his wrongful and unconstitutional actions, thereby depriving plaintiff MELISSA SAINT-JUSTE of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.

77. As a result of the foregoing, plaintiff was deprived of liberty, and was otherwise harmed, damaged and injured.

## SIXTH CAUSE OF ACTION

### MALICIOUS PROSECUTION
### (Defendant COURGNAUD)

78. Plaintiff repeats and realleges the allegations contained in paragraphs 1-77 of this complaint, as though fully set forth herein.

79. Defendant COURGNAUD commenced or continued a criminal proceeding against the Plaintiff MELISSA SAINT-JUSTE.

80. The criminal proceedings against plaintiff MELISSA SAINT-JUSTE terminated in favor of the accused, when the criminal charges against the Plaintiff were dismissed and sealed.

81. There was no probable cause for the arrest or prosecution of the Plaintiff.

82. Defendant COURGNAUD acted with actual malice.

83. The acts and conduct of defendant COURGNAUD alleged in the forgoing paragraphs 1-48 constitute malicious prosecution under the laws of the State of New York.   This Court has pendent jurisdiction to hear and adjudicate such claims.

84. As a result of the foregoing, plaintiff was deprived of liberty, maliciously prosecuted and was otherwise harmed, damaged and injured.

## SEVENTH CAUSE OF ACTION

## New York Constitution Art. I, § 11

85. Plaintiff repeats and realleges the allegations contained in paragraphs 1-84 of this complaint, as though fully set forth herein.

86. By the aforesaid acts, defendants have violated plaintiff's right to the equal protection of laws under Article I, § 11 of the New York State Constitution, thereby giving rise to a cause of action pursuant to that Article.

87. The conduct and actions of defendant COURGNAUD and the JOHN DOE defendant, and defendant NYC, acting under color of law, in falsely arresting, detaining, maliciously prosecuting and physically assaulting the Plaintiff, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under the laws and Constitution of the State of New York.

88. The above-described actions and omissions engaged in under color of state law by the defendants, including defendant NYC, sued as a person within the meaning of Article I, § 11, deprived the plaintiffs of rights, including but not limited to, their rights under Article I, § 12, guaranteeing

protection against unlawful seizure of her person, Article I, § 11 guaranteeing due process and equal protection under the law, and Article I, § 5 guaranteeing protection from cruel and unusual punishment.

89. As a result of the foregoing, plaintiff was deprived of liberty, maliciously prosecuted, physically assaulted and was otherwise harmed, damaged and injured.

## EIGHTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY
### (Defendant CITY OF NEW YORK)

85. Plaintiff repeats and realleges the allegations contained in paragraphs 1-89 of this complaint, as though fully set forth herein.

86. At all times pertinent here to, defendant police officers were acting within the scope of their employment as officers of the New York City Police Department.

87. Defendant CITY OF NEW YORK, through its agents, expressly authorized the individual defendants COURGNAUD and the JOHN DOE defendant, to make arrests without probable cause, to maliciously prosecute and to violate plaintiff's constitutional rights; knew, through its agents, that the defendant officers had a propensity for committing such illegal acts in the line of duty, and acquiesced in the defendants' wrongful conduct.

88. The CITY OF NEW YORK is thus liable under the doctrine of *respondeat superior*, for the intentional torts under New York State law, of defendants COURGNAUD and the JOHN DOE defendant, committed within the scope of their employment.

89. By reason of the tortious conduct of defendants, Plaintiff has been damaged as set forth above.

90. For all claims arising under New York State Law, defendants are jointly and severally liable to the plaintiffs inasmuch as this action arises out of the exceptions set forth in § 1602, subdivisions 5, 7, and 11 of the Civil Practice Law and Rules.

**WHEREFORE,** Plaintiff requests the following relief:

    a. Compensatory damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury;

    c. Reasonable attorneys fees and costs; and

    d. Such other and further relief as appears reasonable and just.


DATED:   New York, New York
             April 24, 2014


                                                                        /s/

                                                    JOANNE M. DWYER (JD9852)
                                                    Attorney for Plaintiff
                                                    MELISSA SAINT-JUSTE
                                                    225 Broadway, 41st Floor
                                                    New York, NY 10007
                                                    (212) 233-0591

UNITED   STATES   DISTRICT   COURT

SOUTHERN   DISTRICT   OF   NEW   YORK

MELISSA SAINT-JUSTE,

                      Plaintiff,

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER MORGAN COURGNAUD,
Shield No. 13176, and NEW YORK CITY
POLICE OFFICER "JOHN DOE,"

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*JOANNE M. DWYER*

    *Attorney for Plaintiff*
    *225 Broadway, 41st Floor*
    *New York, N.Y.   10007*
    *Tel:   (212) 233-0591*